**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NUMBER 1:23-CR-00058-MAC** |
| | § | |
| | § | |
| **TRAVIS LIONEL HAYNES** | § | |

**REPORT AND RECOMMENDATION ON
THE DEFENDANT'S COMPETENCY TO STAND TRIAL**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States magistrate judge.

On July 10, 2024, Defendant filed a motion seeking a psychiatric or psychological exam to determine if Defendant was suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, and the court granted that motion on July 10, 2024. (Docs. #16, #17.)

The Defendant was evaluated by Dr. Matthew R. Opesso, Psy.D., M.Ed., Forensic Psychologist, at the Federal Detention Center in Houston, Texas, and reported on October 17, 2024, that Defendant was not competent. (Doc. #25.) Therefore, his commitment was extended to restore his competency at a medical center. (Doc. #28.)

The Defendant was subsequently evaluated by Dr. Dr. Evan S. Du Bois, Psy.D., ABPP, Forensic Psychologist at the Federal Detention Center in Butner, North Carolina, and reported on December 1, 2025, that Defendant was still not competent to proceed. (Doc. #32.) However, the report stated that there is a substantial probability his competency can be restored in the foreseeable

1

future with psychiatric medication and treatment. (*Id.*) Consequently, a second order committing the Defendant for a period of time to restore his competency was executed. (Doc. #35.)

The Defendant continued to receive treatment and was subsequently evaluated by Dr. Evan S. Du Bois, Licensed Psychologist at the Federal Correctional Institution in Butner, North Carolina and found competent. Dr. Du Bois' psychiatric report concludes that "it is our opinion that, although he is currently suffering from a mental disease or defect . . . his symptoms are sufficiently reduced to no longer impair his capacity to proceed" and that he therefore is able to understand the nature and consequences of the proceedings against him and to properly assist in his defense. (Doc. #36.) It was found that the Defendant's competency had been restored. (*Id.*) A certificate of restoration of competency to stand trial was signed and filed with court pursuant to 18 U.S.C. § 4241(e). (Doc. #37.)

A competency hearing was conducted on April 30, 2026. At the hearing, Defendant appeared in court with his counsel, Gary Bonneaux. Bonneaux did not present any objections to Dr. Du Bois' opinion on competency. Neither the Government nor the defense objected to the psychological report's results and findings.

The undersigned concludes that Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. Defendant has a rational and factual understanding of the proceeding against him, and has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding. 18 U.S.C. § 4241(d); *see also Dusky v. United States,* 362 U.S. 402 (1960).

## RECOMMENDATION

The court should find Defendant competent to stand trial because he understands the nature and consequences of the proceeding against him and is able to assist in his defense. *See* 18 U.S.C. § 4241. It is further recommended that the speedy trial time be excluded from July 10, 2024 (the

date Defendant filed an Unopposed Motion for Psychiatric Exam), until the date on which the District Judge signs the order adopting this report and recommendation.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 30th day of April, 2026.**

_____

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE